UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>ELVIRA TERRIQUEZ-ARAGON,<br><br>               Defendant. | NO. CR-02-0295-EFS<br>[NO. CV-05-0154-EFS]<br><br>**ORDER DENYING MS. TERRIQUEZ-ARAGON'S HABEAS PETITION** |

BEFORE THE COURT is Defendant Elvira Terriquez-Aragon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Ct. Rec. 44). After initially reviewing the motion and finding it timely filed, the Court ordered the United States to respond to Ms. Terriquez-Aragon's petition, specifically addressing whether she benefits from the rules established in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). In response, the Government contends *Booker* does not apply retroactively and, thus, Ms. Terriquez-Aragon does not benefit from the rule established in *Booker*; regardless, the Government submits Ms. Terriquez-Aragon agreed to the facts considered by the Court when determining the sentencing guideline range and thus no *Booker* error

occurred. After reviewing the submitted materials and applicable law, the Court is fully informed and **denies** Ms. Terriquez-Aragon's motion.

Ms. Terriquez-Aragon seeks relief under the Fifth and Sixth Amendments, in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), arguing the "role in the offense" sentencing enhancement should not have been applied because facts supporting the enhancement were not found by a jury and the Court would have imposed a lesser sentence if the United States Sentencing Guidelines were not mandatory. However, new rules of criminal procedure generally "will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). This bar applies equally to a federal habeas corpus petitioner who wishes to collaterally attack her conviction, unless an exception applies. *Id*. at 311. An exception applies if the analysis set forth by the United States Supreme Court in *Teague* is satisfied. *Id.*

"Under *Teague,* the determination whether a rule of criminal procedure applies retroactively to a case on collateral review requires a three-step inquiry." *Beard v. Banks*, 124 S. Ct. 2504, 2510 (2004). First, the Court must determine if Ms. Terriquez-Aragon's conviction became final prior to the Supreme Court's decision in *Booker.*[1] *Id*.

---

[1] *Blakely* addressed the Washington state sentencing scheme. 124 S. Ct. at 2537. The Supreme Court in *Blakely* noted that it was not addressing the federal United States Sentencing Guidelines. 124 S. Ct. 2531, 2538 n.9 (2004). That opportunity arose in *Booker*; the Supreme Court stated, within the confines of reviewing the federal sentencing

ORDER ~ 2

Second, the Court must determine whether the rule announced in *Booker* qualifies as a "new rule." *Id.* Third, if those two conditions are satisfied, the Court examines whether the new rule falls within one of *Teague's* two narrow non-retroactivity exceptions: (1) whether the new rule is "substantive," *i.e.* forbids punishment of certain primary conduct or prohibits a certain category of punishment for a class of defendants because of their status or offense, or (2) whether the new rule is a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 2513.

In connection with the first prong, the Court determines Ms. Terriquez-Aragon's conviction became final before the issuance of *Booker*. For purposes of habeas review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Following, the U.S. Supreme Court clarified, "for the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a

---

guidelines, federal courts "must apply today's holdings - both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - to all cases on direct review." 125 S. Ct. at 769. Therefore, it is of no import that Ms. Terriquez-Aragon's case was on direct appeal when *Blakely* was issued; rather the critical date is January 12, 2005, - the date on which *Booker* was issued. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

ORDER ~ 3

petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Ms. Terriquez-Aragon filed an appeal to the Ninth Circuit, and the Ninth Circuit issued a mandate on July 22, 2004. Under Supreme Court Rule 13, Ms. Terriquez-Aragon had ninety days after entry of the Ninth Circuit judgment to petition for a writ of certiorari; she did not do so. Accordingly, Ms. Terriquez Aragon's conviction became final on October 20, 2004, (ninety days following the issuance of the judgment) - several weeks before the Supreme Court issued its decision in *Booker* on January 12, 2005. Thus, the first *Teague* prong is satisfied.

As to the second prong under *Teague*, the Court finds *Booker* clearly establish a new rule. In general, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301. Prior to *Booker*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), established a federal judge at sentencing could enhance a sentence based on facts not admitted by the defendant or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum. *Apprendi*, 530 U.S. at 490. In *Washington v. Blakely*, the Supreme Court applied *Apprendi* to Washington's sentencing scheme, stating "'the statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 124 S. Ct. at 2537 (emphasis in original). Thereafter, in *Booker*, the Supreme Court concluded "the Sixth Amendment as construed in *Blakely* does apply to the [Federal] Sentencing Guidelines." *Booker*, 125 S. Ct. at 746.

ORDER ~ 4

Every court of appeals to consider the question has concluded the rule set forth in *Booker* is new. For instance, the Sixth Circuit concluded "[t]he *Booker* rule is clearly new. It was not dictated by precedent existing at the time [the defendant's] conviction became final, and it would not have been apparent to 'all reasonable jurists.'" *Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005). The Sixth Circuit also noted that prior to *Booker*, "the federal judiciary [had] been deeply divided on the issue of whether the rule announced in *Blakely* [applied] to the Federal Guidelines lends further support to the conclusion that *Booker* announced a new rule." *Id*. This finding was echoed by the Second Circuit. *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005) ("It cannot be said that the result in *Booker* was apparent to 'all reasonable jurists' . . . *Booker* announced a new rule"). The Court agrees with the trend of the Circuits.[2]

Since Ms. Terriquez-Aragon's conviction became final prior to the *Booker* decision and because *Booker* qualifies as a new rule, the Court must determine whether this new rule falls within the two exceptions to non-retroactivty. First, the Court finds *Booker* did not create a new "substantive" rule, as it did not add or remove any conduct from the realm of criminal offenses. *See Schardt*, 414 F.3d at 1036; *Teague*, 489 U.S. at 307.

Second, the Court finds the procedural new rule established in *Booker* does not amount to a "watershed rule of criminal procedure

---

[2] The Ninth Circuit has not addressed whether *Booker* qualifies as a new rule; however, in *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005), the Ninth Circuit ruled that *Blakely* created a new rule.

ORDER ~ 5

implicating the fundamental fairness and accuracy of the criminal proceeding." *Beard*, 124 S. Ct. at 2513.[3]  The Court finds the Seventh Circuit's discussion on this point cogent:

> [t]he [U.S. Supreme] Court held in *DeStafano v. Woods* and reiterated in *Summerlin*, that the choice between judges and juries as fact finders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment [sic] so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process.

*McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (citations omitted). Furthermore, the Supreme Court specifically stated in *Booker* its holding applied "to all cases on *direct review*." *Booker*, 125 S. Ct. at 769 (emphasis added). This statement evidences the Supreme Court's intent to not apply *Booker* retroactively to cases on collateral review. For these reasons, the Court concludes *Booker* does not retroactively apply to Ms. Terriquez-Aragon.[4]

---

[3] The Supreme Court previously noted the narrowness of this exception, stating it has "yet to find a new rule that falls under the *Teague* exception." *Beard*, 124 S. Ct. at 2513-14.

[4] While the Ninth Circuit has ruled that *Blakely* is not retroactive, *see Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (initial petition); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir.

ORDER ~ 6

1  Furthermore, even if *Booker* applied retroactively, based on the
2  stipulations in the Plea Agreement regarding drug quantity and type and
3  the Defendant's role in the offense, the Defendant's sentence was not in
4  violation of *Booker*. (Ct. Rec. 21 ¶ 11)

5  Accordingly, **IT IS HEREBY ORDERED:** Defendant Elvira Terriquez-
6  Aragon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
7  Sentence by a Person in Federal Custody, **(Ct. Rec. 44)**, is **DENIED**.

8  **IT IS SO ORDERED.** The District Court Executive is directed to
9  A.  Enter this Order;
10 B.  Provide a copy of this Order to Defendant/Petitioner at the
11 following address:

12  Elvira Terriquez-Argaon
    Reg. # 24810-112
13  FCI Dublin
    5701 8th Street - Camp Parks
14  Dublin, CA 94568

---

2004) (successive habeas petition); the Ninth Circuit has yet to rule on the retroactive application of *Booker*. However, the Court's conclusion that *Booker* does not apply retroactively to criminal cases that became final before January 12, 2005, is consistent with rulings of the federal circuit court of appeals that have addressed this issue. *See, e.g. Cirilo-Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

ORDER ~ 7

C.  Provide the United States Attorney for the Eastern District of Washington with a copy of this Order.

**DATED** this ___16th___ day of September, 2005.

                           s/Edward F. Shea
                           EDWARD F. SHEA
               United States District Judge

Q:\Criminal\2002\0295.habeas.dismiss.wpd

ORDER ~ 8